906 P.2d 731

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Ronald G. OLGUIN, Defendant–Petitioner.**

No. 22127.

Supreme Court of New Mexico.

Nov. 14, 1995.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Assistant Appellate Defender, Santa Fe, for Petitioner.

Tom Udall, Attorney General, Daniel J. Pearlman, Richard J. Klein, Assistant Attorneys General, Santa Fe, for Respondent.

## OPINION

FRANCHINI, Justice.

1. We granted certiorari to the Court of Appeals in this case to address two issues: whether that Court properly overruled *State v. Shade*, 104 N.M. 710, 726 P.2d 864 (Ct. App.), *cert. quashed*, 104 N.M. 702, 726 P.2d 856 (1986), and *State v. Carr*, 95 N.M. 755, 626 P.2d 292 (Ct.App.), *cert. denied*, 95 N.M. 669, 625 P.2d 1186 (1981), and *cert. denied*, 454 U.S. 853, 102 S.Ct. 298, 70 L.Ed.2d 145 (1981); and whether, in light of the State's failure to prove that the entity from which Ronald G. Olguin solicited a bribe was a corporation, the evidence in the case was sufficient to support Olguin's conviction for soliciting or demanding a bribe under Article IV, Section 39 of the New Mexico Constitution.

2. *Shade and Carr were properly overruled.* The facts of this case are set out in the Court of Appeals opinion and need not be repeated here. *See State v. Olguin,* 118 N.M. 91, 879 P.2d 92 (Ct.App.1994). As to the first issue, we agree with the Court of Appeal's rationale. *See id.* at 98–99, 879 P.2d at 99–100. We hold that under *Yates v. United States,* 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), *overruled on other*

*grounds by Burks v. United States*, 437 U.S. 1, 2, 98 S.Ct. 2141, 2142–2143, 57 L.Ed.2d 1 (1978), a conviction under a general verdict must be reversed if one of the alternative bases of conviction is legally inadequate, but that under *Griffin v. United States*, 502 U.S. 46, 55–57, 112 S.Ct. 466, 472–473, 116 L.Ed.2d 371 (1991), and *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970), due process does not require a guilty verdict to be set aside if an alternative basis of conviction is only factually inadequate to support a conviction. In both *Shade* and *Carr*, the defendants claimed only that there was insufficient evidence to support one of the alternative bases for conviction. *See Shade*, 104 N.M. at 722, 726 P.2d at 876; *Carr*, 95 N.M. at 765, 626 P.2d at 302. Thus, we affirm the overruling of *Shade* and *Carr*.

3. However, because Olguin may have relied on those cases in his decision not to request a special verdict form indicating which alternative crime the jury chose for conviction, we apply this holding prospectively. *See Santillanes v. State*, 115 N.M. 215, 224, 849 P.2d 358, 367 (1993) (setting out factors to be considered in determining whether new law should be applied retroactively or prospectively and stating that determination is made on case-by-case basis). We set aside Olguin's conviction for conspiracy.

■ 4. *The word "person" in Section 39 includes individuals and entities that are not corporations.* Olguin argues that his conviction for soliciting a bribe must be set aside because the State failed to prove that the entity he bribed was a corporation. Section 39 provides:

Any member of the legislature who shall vote or use his influence for or against any matter pending in either house in consideration of any money, thing of value or promise thereof, shall be deemed guilty of bribery; and any member of the legislature or other person who shall directly or indirectly offer, give or promise any money, thing of value, privilege or personal advantage, to any member of the legislature to influence him to vote or work for or against any matter pending in · either house; or any member of the legislature who shall solicit from any person or corporation any money, thing of value or personal advantage for his vote or influence as such member shall be deemed guilty of solicitation of bribery.

The first clause of this section defines bribery. The next two clauses define solicitation of a bribe. A criminal statute or provision should be given a reasonable construction and interpreted in light of the evil it seeks to prevent. *State v. Ogden*, 118 N.M. 234, 243, 880 P.2d 845, 854 (1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 336, 130 L.Ed.2d 294 (1994). The first clause forbids a legislator from receiving a bribe *without regard from whom the legislator obtained the money or thing of value*. It would be incongruous to hold that the constitutional provision forbids *receiving* a bribe from any entity but that it forbids *soliciting* bribes only from individuals and corporations. Reading Section 39 as a whole, and considering that the receipt of money for political influence from *any entity* is defined as bribery, we interpret the word "person" in the third clause to include individuals and entities that are not corporations. *Cf. United States v. Shirey*, 359 U.S. 255, 257, 79 S.Ct. 746, 747, 3 L.Ed.2d 789 (1959) (holding that paying a bribe to an unincorporated political party was sufficient to warrant conviction for bribing a "person").

■ 5. The jury found beyond a reasonable doubt that Olguin had demanded or received money with an intent to influence his action as a public official. Thus, Olguin's conviction under Section 39 must be upheld. It was not necessary for the State to prove that the entity from which Olguin solicited a bribe was a corporation. We affirm Olguin's conviction for soliciting a bribe.

6. Because Olguin now stands convicted of two fourth-degree felonies rather than the original three fourth-degree felonies and one third-degree felony and because of the unusual interrelationship of the charges, we remand this matter to the trial court for the purpose of reconsideration of sentencing.

7. **IT IS SO ORDERED.**

BACA, C.J., and FROST, J., concur.

RANSOM, J., dissents.

MINZNER, J., not participating.

RANSOM, Justice (dissenting).

Although not raised by the parties, the Court of Appeals identified a potential issue of fundamental error governed by *State v. Shade,* 104 N.M. 710, 726 P.2d 864 (Ct.App.), *cert. quashed,* 104 N.M. 702, 726 P.2d 856 (1986), and *State v. Carr,* 95 N.M. 755, 626 P.2d 292 (Ct.App.), *cert. denied,* 454 U.S. 853, 102 S.Ct. 298, 70 L.Ed.2d 145 (1981). As observed by the Court of Appeals, the State had claimed there were two objects of the conspiracy with which Olguin was being charged, a conspiracy to commit solicitation of a bribe and a conspiracy to commit fraud in excess of $2500. While the evidence was sufficient to establish conspiracy to commit solicitation of a bribe, the Court of Appeals questioned whether the evidence was sufficient to support a conspiracy to commit fraud. Thus it addressed at oral argument whether it was necessary that there be sufficient evidence to support both of the claimed objects of conspiracy. Under *Shade* and *Carr,* it would constitute fundamental error to submit to the jury an object of conspiracy not supported by evidence. *Shade,* 104 N.M. at 723, 726 P.2d at 877; *Carr,* 95 N.M. at 765, 626 P.2d at 302. This would not be error, however, under *Griffin v. United States,* 502 U.S. 46, 60, 112 S.Ct. 466, 474, 116 L.Ed.2d 371 (1991), which the Court of Appeals adopted when affirming the conspiracy conviction.

I respectfully dissent from this Court's setting aside of Olguin's conspiracy conviction. Neither *Shade* nor *Carr* was cited or relied upon by Olguin or the State in the briefs before the Court of Appeals. Olguin never complained about the absence of substantial evidence to support one of the two objects of the conspiracy with which he was charged. Olguin argued on appeal, *as he did in the trial court,* that there was no evidence of an agreement to violate the law—there was nothing more than Nunez's misunderstanding of Olguin's role. Because Olguin did *not* rely on *Shade* and *Carr,* I disagree that we should afford him the advantage of the *Shade* fundamental-error doctrine. I

would not, therefore, set aside the conviction for conspiracy.

I would, however, limit any application of *Griffin* to a holding that the absence of substantial evidence to support one of the two claimed objects of a conspiracy does not constitute fundamental error. That is, I concur with the overruling of the holding in *Shade* that fundamental error arises from an instruction on a factual alternative for which there is no substantial evidence. If, using this case as an example, lack of evidence to support conspiracy to commit the alternative object of fraud were to have been raised and erroneously ruled upon, then we would decide whether that error was harmless under the facts. *Griffin* holds that, without regard to the facts, submission of a false alternative is never error. 502 U.S. at 60, 112 S.Ct. at 474. I would decline to adopt *Griffin* as a general rule.

In *Griffin,* of course, the defendant did propose that the court instruct the jury that it could consider only the object of the conspiracy for which she conceded there was sufficient evidence, and she proposed special interrogatories asking the jury to identify the object or objects of the conspiracy of which she had knowledge. 502 U.S. at 48, 112 S.Ct. at 468. *Griffin* holds that it was not error to deny both requests. 502 U.S. at 60, 112 S.Ct. at 474. On the other hand, *Griffin* acknowledges that it would not have constituted error for the trial court to have eliminated from the jury's consideration the alternative basis of liability that did not have adequate evidentiary support. "Indeed, if the evidence is insufficient to support an alternative legal theory of liability, it would generally be preferable for the court to give an instruction removing that theory from the jury's consideration." *Griffin,* 502 U.S. at 60, 112 S.Ct. at 474. Clearly, the denial of a request to remove an unsupported theory from consideration should constitute error, and we should determine on a case-by-case basis whether such a denial was *reversible* error. The burden should be on the defendant to show prejudice. Accordingly, I would mandate that the jury be required to complete and return a special-interrogatory form when so requested by a defendant who

has raised an objection to the sufficiency of the evidence on one or more of the multiple objects or grounds in support of a charge.