This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 32,250**

**ERIC L. LAHR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals his conviction of driving while intoxicated contending that the evidence was insufficient. In making this argument, he asserts that the breath test should not have been admitted and that without it the evidence was insufficient. In our notice, we proposed to hold that a sufficient foundation was laid for admission of the breath alcohol test results and that the district court did not err in refusing to exclude it. Defendant has timely responded. We have considered his arguments and, finding them unpersuasive, we affirm the judgment.

In our notice, we pointed out that as long as the breath test was done in accordance with the Scientific Laboratory Division (SLD) regulations, foundational requirements are satisfied. *See State v. Martinez*, 2007-NMSC-025, ¶ 12, 141 N.M. 713, 160 P.3d 894. We stated that admissibility depended on the officer's testimony regarding compliance with SLD regulations. We proposed to hold that the officer's testimony here was sufficient to lay a foundation. We pointed out that there was no requirement that the officer be able to explain how the machine came to be certified or that she be able to explain the certification process.

Defendant continues to argue that the testimony of the officer was not sufficient to establish foundation for admission of the breath alcohol test results. We recognize that the officer was not able to answer questions relating to the margin of error for

2

samples run and that she was unable to testify about certification procedures. However, she was able to testify that there was a current SLD certificate for the machine that she used. And, she testified that she used SLD-mandated procedures to perform the test. That is all that the law requires. *Id.* Therefore, we affirm the admission of the breath test results in this case.

The evidence of those breath test results is sufficient evidence to support a conviction for *per se* DWI, that is that Defendant drove and within three hours of his driving he had a breath alcohol level more than .08. NMSA 1978, § 66-8-102(C)(1) (2010).

As there was sufficient evidence to support a conviction for *per se* DWI, we need not address whether the evidence was sufficient to support a conviction under impaired driving. *See State v. Olguin*, 120 N.M. 740, 741, 906 P.2d 731, 732 (1995) (allowing affirmance of a general verdict if one of the alternatives is supported by sufficient evidence).

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**