This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36826**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FRED SLOWMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Eran Sharon, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, convicting him of driving while under the influence of intoxicating liquors or drugs (.08 or above) (Sixth Offense) (DWI), contrary to NMSA 1978, Section 66-8-102(C)(1) (2016); driving on a suspended or revoked license, contrary to NMSA1978, Section 66-5-039.1(B) (2013, amended 2019); open container, contrary to Section 66-8-138(B) (2013); and littering, contrary to NMSA 1978, Section 30-8-4(A)(2) (1981, amended 2018). On appeal, Defendant argues (1) it was fundamental error to omit requisite statutory

language from the jury instructions for the charges of open container and littering, (2) the district court improperly allowed testimony relating to non-standardized field sobriety tests, and (3) there was insufficient evidence to support his convictions. We reverse Defendant's open container conviction and affirm his remaining convictions.

## DISCUSSION

### I.     Fundamental Error

**{2}**     Defendant claims that fundamental error occurred with respect to the jury instructions for open container, DWI, and littering. Fundamental error occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." *State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633. When this Court reviews jury instructions for fundamental error, we will reverse the jury verdict only if doing so is "necessary to prevent a miscarriage of justice." *State v. Sandoval*, 2011-NMSC-022, ¶ 13, 150 N.M. 224, 258 P.3d 1016 (internal quotation marks and citation omitted). In reviewing a district court's failure to instruct, "[w]e must determine whether a reasonable juror would have been confused or misdirected by the jury instruction." *Barber*, 2004-NMSC-019, ¶ 19. "[J]uror confusion or misdirection may stem . . . from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134.

### A.     Open Container

**{3}**     Defendant claims that the jury instruction on open container improperly omitted required statutory language. As set forth below, we are setting aside the open container conviction based on lack of sufficient evidence. We therefore do not consider this issue, because it would afford the lesser relief of a new trial, as opposed to vacation of the conviction with a double jeopardy bar. *See State v. Lizzol*, 2007-NMSC-024, ¶ 13, 141 N.M. 705, 160 P.3d 886 (noting the constitutional prohibition against retrial after a conviction is set aside for insufficient evidence).

### B.     DWI

**{4}**     The jury was instructed that in order to find Defendant guilty of DWI, the evidence had to show that he operated a vehicle and Defendant was either impaired to the slightest degree or had a blood alcohol content of .08 or higher. *See* § 66-8-102(A), (C)(1). As indicated, "operating a motor vehicle" was an essential element of both of these alternatives. The jury was instructed that this element could be shown by evidence that Defendant was either actually seen driving a vehicle, or he was "in actual physical control with the intent to drive." Defendant argues that the "actual physical control" alternative constituted fundamental error because the State's theory of the case relied on evidence that Officer Blea witnessed the vehicle being driven on the highway and that Defendant admitted to being the driver. Defendant argues that the inclusion of

the actual physical control instruction was therefore confusing, and was incomplete. *See State v. Mailman*, 2010-NMSC-036, ¶ 28, 148 N.M. 702, 242 P.3d 269 ("Actual physical control is not necessary to prove DWI unless there are no witnesses to the vehicle's motion and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated." (emphasis omitted)). For the reasons set forth below we disagree.

**{5}** Generally, when an element is charged in the alternative, and the jury returns a general verdict, the conviction will stand so long as at least one of the alternative theories of guilt is supported by sufficient evidence. *See State v. Olguin*, 1995-NMSC-077, ¶ 2, 120 N.M. 740, 906 P.2d 731. However, the conviction must be reversed if one of the alternative bases of conviction in the jury instructions is legally inadequate. *Id.* In *Mailman*, the Supreme Court applied the *Olguin* analysis to a situation similar to the one here, where a jury is instructed in the alternative that the "operating a motor vehicle" element can be proven either by evidence that a defendant is seen driving, or by evidence that a defendant is in actual physical control. 2010-NMSC-036, ¶ 10. In *Mailman*, the instruction was limited to "actual physical control whether or not the vehicle was moving." *Id.* (alteration, internal quotation marks, and citation omitted). The Supreme Court determined that the instruction was legally invalid because the jury might have convicted the defendant on the actual physical control alternative without considering whether he had an intent to drive. *Id.* ¶ 12.

**{6}** In contrast to *Mailman*, the jury here was instructed to find "actual physical control" with the intent to drive. Therefore, the concern in *Mailman* that an essential element—intent to drive—was omitted, is not present here. Defendant argues that it was fundamental error to fail to instruct the jury on the definition of "actual physical control." This instruction is a list of factors to consider in determining whether a defendant has the intent to drive. UJI 14-4512 NMRA. Although the failure to give a definitional instruction typically does not rise to the level of fundamental error, in limited cases it may, because it leaves the jury too confused to properly address the issue. *See State v. Mascareñas*, 2000-NMSC-017, ¶¶ 20-21, 129 N.M. 230, 4 P.3d 1221 (holding that the district court fundamentally erred by failing to include a definition of "reckless disregard" in a case where failure to provide the definitional instruction "had the potential effect of confusing the jury as to the proper standard of negligence to apply"). In this case, we are not convinced that such confusion existed, because the vehicle had just been driven, as witnessed by the officer, and the real issue was whether Defendant or his wife was the driver and intended to continue driving. Because the "intent to drive" language was included in the jury instructions, we conclude that any potential confusion was too speculative to amount to fundamental error.

## C. Littering

**{7}** Defendant claims that fundamental error occurred because of the failure to instruct the jury that he did not have consent to discard the beer cans on the property. However, Defendant has not pointed to any evidence that would allow for a jury to reasonably conclude that he had the consent of the owner. *See State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72 (stating that "fundamental error does not

occur if the jury was not instructed on an element not at issue in the case" or if "there can be no dispute that the omitted element was established"). Because there is no evidence that consent of the owner was at issue, we conclude that the jury was properly instructed.

## II.    Non-Standardized Field Sobriety Tests

**{8}**    Defendant claims the district court improperly permitted Officer Blea to testify about non-standardized field sobriety tests (FST's) he administered to Defendant. Officer Blea testified that he administered these tests because Defendant's physical limitations did not make him a good candidate for the standardized tests. He administered two tests: a finger dexterity test, where Defendant was asked to count forward and backwards using his fingers, and one where he was asked to count backwards from one number to another.

**{9}**    We do not agree with Defendant's argument that the use of the term "tests" misled the jury or otherwise required scientific testimony, since they simply involve motor skills at the most basic level, easily understood by lay jurors. *See* Rule 11-702 NMRA (providing that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical , or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.") Our courts have not considered an officer's lay observations of any motor skill test to require scientific knowledge, nor have we considered an officer's observations of such test results to require reliable scientific expertise for admission into evidence. Rather our jurisprudence considers a driver's performance on FSTs as generic evidence that is relevant to a driver's impairment, even if it is not a definitive measure. *See e.g.*, *State v. Lasworth*, 2002-NMCA-029, ¶ 14, 131 N.M. 739, 42 P.3d 844. Compare with *State v. Torres*, 1999-NMSC-010, ¶¶ 31, 33-34, 127 N.M. 20, 976 P.2d 20 (holding that the Horizontal Gaze Nystagmus (HGN) test requires scientific knowledge and requiring reliable scientific evidence and testimony concerning the results for their admission into evidence). The *Torres* Court distinguished between the specialized knowledge required to observe and testify as to the results of the HGN test and the other "self-explanatory" field sobriety tests. *See id.* ¶ 31. A defendant's performance on these basic motor skills exercises involve common physical manifestations of intoxication. We are also unpersuaded by Defendant's claim that this evidence was more prejudicial than probative, since "common physical manifestations of intoxication" went directly to an element of the offense, and to hold otherwise would equate prejudicial evidence as contemplated by Rule 11-403 NMRA with admissible evidence that simply prejudices the defense. As such, we conclude that the district court did not err by permitting the officer to testify, without scientific foundational evidence, as to his observations of Defendant's performance on the motor skills exercises.

## III.    Sufficiency of the Evidence

**{10}** Defendant challenges the sufficiency of the evidence to support his convictions for DWI, driving on a suspended or revoked license, open container, and littering. When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 239 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

## A. Open Container

**{11}** Defendant challenges the sufficiency of the evidence of his open container conviction. To find Defendant guilty of possession of an open container of alcohol, the evidence had to show that Defendant was in a vehicle on a public highway, and was in possession of an open container that contained an alcoholic beverage. *See* § 66-8-138(B) ("No person shall knowingly have in the person's possession on the person's body, while in a motor vehicle upon any public highway within this state, any bottle, can or other receptacle containing any alcoholic beverage that has been opened or had its seal broken or the contents of which have been partially removed.").

**{12}** The State concedes that the evidence was insufficient. Although we are not bound by the State's concession, *see State v. Palmer*, 1998-NMCA-052, ¶ 12, 125 N.M. 86, 957 P.2d 71, we agree that the evidence was insufficient here. Officer Blea's testimony on this charge was limited to his description of the cans being thrown from the vehicle, and his statement that they matched the brand of beer of unopened cans found in the vehicle. There was no evidence regarding whether the cans still contained alcohol, or had been opened by Defendant while he was driving.

## B. DWI

**{13}** Defendant claims that the evidence was insufficient to support either one of the two alternative grounds for proving DWI. In this case, the alternative instructions in this case did not just involve the slightest degree and per se alternatives, but also included alternative grounds for proving the shared essential element of "operating a motor vehicle." As we indicated above, because neither alternative for proving "operating a motor vehicle" involved a legally invalid jury instruction, we need to only consider the factual support for one of these grounds, meaning evidence support either the slightest degree or per se alternative. *See Olguin*, 1995-NMSC-077, ¶ 2. We therefore limit our discussion to the slightest degree alternative.

**{14}** Here, Officer Blea was manning a DWI checkpoint when he noticed a pick-up truck turn off the road onto a vacant lot. He testified that he had observed people turning around at that lot, in an apparent attempt to evade the check-point. He saw a female exit from the passenger side when the truck stopped. Officer Blea drove over to the truck and saw that the female was outside of the back of the truck, with Defendant sitting unbuckled in the passenger seat. Defendant initially denied driving but then admitted that he was the driver. Officer Blea testified that Defendant had an odor of alcohol. Defendant was unable to complete each one of the two FST's administered. Defendant gave two breath alcohol samples, both reading .08.

**{15}** This was sufficient evidence to support the DWI conviction under the "slightest degree" alternative. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110; *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

## C. Revoked or Suspended License

**{16}** Defendant stipulated that his license had been revoked at the time he was arrested for DWI. Nevertheless, he notes that his conviction must be set aside in the event that we determine that the evidence was insufficient to support the view that he had been driving the vehicle. Because we have determined that the evidence of driving was sufficient, it necessarily follows that this issue is without merit.

## D. Littering

**{17}** Defendant challenges the sufficiency of the evidence of littering. "Littering consists of discarding refuse . . . on private property not owned or lawfully occupied or controlled by the person, except with the consent of its owner, lessee or occupant." Section 30-8-4(A)(2)[1].

**{18}** Defendant argues that the State failed to prove that he did not own the property or that he did not have consent of the owner. However, the jury could reasonably infer that Defendant hastily pulled off of the road to avoid the roadblock, that he had no connection to this particular property, and that his intent was to discard open beer cans that were in the truck. The State also provided direct evidence of Defendant discarding the beer cans.

## CONCLUSION

---

1 The 2018 amendment did not alter subsection A(1) or (2).

**{19}** For the reasons set forth above, we reverse Defendant's conviction for open container, and affirm the remaining convictions.

**{20}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**JULIE J. VARGAS, Judge**