This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38017**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**LAWRENCE SISNEROS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**    Defendant appeals his convictions for two counts of aggravated assault, pursuant to NMSA 1978, Section 30-3-2(A) (1963); and one count of shoplifting, pursuant to NMSA 1978, Section 30-16-20(A)(1) (2006). On appeal, Defendant claims that the district court should have excluded evidence based on the State's failure to preserve the bottle of liquor that was allegedly shoplifted. Defendant also claims that the evidence was insufficient to support his convictions. We affirm.

**BACKGROUND**

**{2}** The State presented evidence that Defendant concealed a liquor bottle inside of his jacket at an Albertsons market, and took a second bottle as he was confronted by two store employees, Padilla and Martinez. When confronted, Defendant pulled out a knife on the employees and left the store after leaving the second bottle behind. He and a female companion were detained by police four blocks away, and an unopened liquor bottle was found in a subsequent search of the woman's backpack. The officer took the bottle but did not preserve it as evidence, instead testifying that he returned it to the store. Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve discussion of specific facts where necessary to our analysis.

**DISCUSSION**

**I.      The District Court Did Not Err By Denying Defendant's Request to Exclude Evidence Based on the State's Failure to Preserve the Liquor Bottle**

**{3}** Before trial Defendant argued that his right to due process was violated based on the failure to preserve the liquor bottle. The district court ruled that it would not exclude testimony relating to the bottle, but would allow Defendant to cross-examine any witness about the matter. We review a district court's denial of a motion to suppress evidence or dismiss the charges based on lost evidence under an abuse of discretion standard. *State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027.

**{4}** In considering Defendant's argument, we apply the three-part test our Supreme Court set out in *State v. Chouinard*, 1981-NMSC-096, 96 N.M. 658, 634 P.2d 680. Under the *Chouinard* test, courts consider whether (1) the state breached a duty or intentionally deprived the defendant of evidence; (2) the lost or destroyed evidence is material; and (3) the defendant suffered prejudice. *Id.* ¶ 16. "When evidence is lost in a way that does not involve bad faith, the defendant bears the burden of showing materiality and prejudice before sanctions are appropriate." *State v. Pacheco*, 2008-NMCA-131, ¶ 30, 145 N.M. 40, 193 P.3d 587. Where, as in this case, the loss of evidence is known before trial, "there are two alternatives: [e]xclusion of all evidence which the lost evidence might have impeached, or admission with full disclosure of the loss and its relevance and import." *Chouinard*, 1981-NMSC-096, ¶ 23. The choice between these alternatives depends on the district court's assessment of materiality and prejudice. *Id.*

**{5}** We assume for purposes of this appeal that the officer was required to preserve the liquor bottle. *See Pacheco*, 2008-NMCA-131, ¶ 28 (stating that "[i]t is generally understood that the [s]tate has a duty to preserve evidence obtained during the investigation of a crime"). Here, the district court determined that the officer did not act in bad faith by intentionally depriving Defendant of this evidence; instead, the district court found that the conduct amounted to negligence. We defer to the district court's characterization of the conduct in this case as negligence rather than a bad faith

deprivation of evidence. *See State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964 (stating that the district court is in the best position to resolve fact and credibility issues). We next consider whether Defendant satisfied his burden of showing materiality and prejudice, *see Pacheco*, 2008-NMCA-131, ¶ 30, and in so doing note that district courts are in the best position to make this evaluation, which is influenced "by the weight of other evidence presented, by the opportunity to cross-examine, by the defendant's use of the loss in presenting the defense, and other considerations." *Chouinard*, 1981-NMSC-096, ¶ 25.

**{6}** "The test for materiality . . . is whether there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Duarte*, 2007-NMCA-012, ¶ 15 (internal quotation marks and citation omitted)). Defendant maintains that the origin of the bottle was central to the State's case because it went to the issue of identity. However, the State presented direct evidence of identity as to the events within the store. The two Albertsons employees testified that they observed Defendant conceal a liquor bottle inside of his jacket while inside of the store, and they were assaulted by Defendant when they confronted him about the concealment. In addition, the State presented a videotape of the incident, which independently established identity, and Defendant does not claim that the videotape contradicts the testimony of the two Albertsons employees. Notably, the crime of shoplifting was complete upon the concealment of the bottle inside of the store, and the State did not have to prove that Defendant was later found with the bottle. *See* § 30-16-20(A) (setting forth alternative grounds for shoplifting). This is so because, if an essential element of the offense included that the liquor bottle had been taken outside of the store, the crime would then amount to stealing; in other words, larceny. *See* NMSA 1978, § 30-16-1(A) (2006) ("Larceny consists of the stealing of anything of value that belongs to another."); UJI 14-1603 NMRA (defining "carried away" for larceny as "moving the property from the place where it was kept or placed by the owner"). Therefore, any further corroboration of the crime by the liquor bottle that was later recovered was not central to the State's case.

**{7}** With respect to prejudice, Defendant claims that the liquor bottle might have had a tag or label that could have shown that it came from somewhere other than Albertsons. This contention—that the bottle might have somehow proved exculpatory—is the type of "extrapolated speculation" that is deemed nonmaterial under *Chouinard*. *See State v. Chavez*, 1993-NMCA-102, ¶ 21, 116 N.M. 807, 867 P.2d 1189 (observing that speculation does not satisfy the burden to show materiality). It is unlikely that having the liquor bottle at trial would have changed the outcome of the proceedings, based on the testimony of the witnesses that observed Defendant put a bottle in his jacket, and his behavior when they asked him to return it. As such, Defendant has not established prejudice. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Based on Defendant's failure to meet his burden to establish that the deprivation of the evidence was material or prejudicial, denial of the motion to suppress was not an abuse of discretion.

**{8}** Defendant also claims that the district court should have given a lost evidence jury instruction. Defendant did not request such an instruction at trial and does not ask us to review the failure to give this instruction for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (noting that jury instructions are reviewed for fundamental error when not preserved.) Even so, given that Defendant did not satisfy his burden to establish materiality and prejudice, the district court was not required to give this instruction. *See State v. Branch*, 2018-NMCA-031, ¶¶ 49, 52, 54, 417 P.3d 1141 (concluding that, in light of "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial," the district court did not err in denying the defendant's request for a lost evidence jury instruction (internal quotation marks and citation omitted)). We therefore conclude that the district court did not commit error in refusing to suppress evidence.

## II. Sufficient Evidence Was Presented to Convict Defendant

**{9}** Defendant challenges the sufficiency of the evidence to support his convictions. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{10}** The jury was instructed that to convict Defendant of shoplifting, the State had to prove that Defendant took possession of a bottle of liquor that belonged to Albertsons; that the bottle had a market value; and that Defendant intended to take it without paying for it. *See* § 30-16-20(A)(1). In order to find Defendant guilty of aggravated assault by use of a deadly weapon against Padilla, the State had to prove that Defendant intentionally brandished a knife (a deadly weapon) at Padilla, causing him to believe that Defendant was about to intrude on his bodily integrity or personal safety by touching or applying force to him in a rude, insolent or angry manner, and that a reasonable person in the same circumstance would have had the same belief. *See* § 30-3-2(A). In order to find Defendant guilty of aggravated assault by use of a deadly weapon against Martinez, the jury was provided two alternatives: one similar to the one given for the assault of Padilla, and one that required an intent to commit battery. Because the jury returned a general verdict on the Count 1 aggravated assault by use of a deadly weapon instruction, and because Defendant is not arguing that either alternative is legally defective, we may affirm if either alternative is supported by sufficient evidence. *See State v. Olguin*, 1995-NMSC-077, ¶ 2, 120 N.M. 740, 906 P.2d 731 (holding that due process does not require a general verdict of guilt to be set aside if one of the two alternative bases for conviction is supported by sufficient evidence and the other basis is not legally inadequate). We therefore consider whether the evidence

of the aggravated assault of Martinez was sufficient based on the same theory of assault that served as the basis for the Padilla instruction.

**{11}** We conclude that the evidence presented to the jury was sufficient to support Defendant's convictions. Specifically, Martinez testified that he worked as a manager in Albertsons' liquor department and observed Defendant put a liquor bottle inside his jacket. Martinez approached Defendant and asked him for the bottle. Defendant gave Martinez a second bottle that he was holding in his hand, leading Martinez to ask for the one Defendant had placed in his jacket. Defendant responded by pulling out a knife and lunging at Martinez, causing Martinez to back up. Martinez testified that he believed Defendant was going to use the knife on him, and that Defendant would do anything to get out of the store. Padilla was by his side during this incident, and Defendant lunged at the two of them with the knife as he was leaving.

**{12}** Padilla also testified that he worked as a manager at the Albertsons store. Padilla testified that he was looking at an in-store video feed and he observed Defendant conceal the first bottle of liquor. He joined Martinez in confronting Defendant and his testimony was consistent with Martinez's testimony, with the additional testimony that Defendant told them "[y]ou're not getting the fucking bottle back," when asked to return the concealed bottle. Padilla stated that Defendant pulled out a knife as he was making those comments, and swung and pointed the knife at him and Martinez. Defendant was very close to Martinez and Padilla during this incident. Padilla also testified that he thought he might be stabbed during the incident.

**{13}** To the extent the Defendant believes that the jury could have drawn different inferences from this evidence, this Court does not reweigh the evidence on appeal. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (stating that we "resolve all conflicts and make all permissible inferences in favor of the jury's verdict," and we "do not search for inferences supporting a contrary verdict or [reweigh] the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury" (alterations, internal quotation marks, and citations omitted)). As such, the above-noted evidence was sufficient to support all three of Defendant's convictions.

**CONCLUSION**

**{14}** For the reasons set forth above, we affirm.

**{15}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**