This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40159**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**MICHAEL COOPER,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant Michael Cooper appeals his conviction for battery upon a peace officer. He argues the evidence was insufficient to support his conviction because his conduct did not constitute a meaningful challenge to the officer's authority or pose an actual threat to the officer's safety. [BIC 1, 4-12] Defendant also asserts fundamental error on the basis that the jury was not instructed that a meaningful challenge to authority requires more than an affront to the officer's dignity. [BIC 1-2, 12-17] Unpersuaded, we affirm.

**{3}** "In our determination of the sufficiency of the evidence, we are required to ensure that a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (emphasis, internal quotation marks, and citation omitted). On appeal, we view the evidence in the light most favorable to the State, and indulge all reasonable inferences in favor of the verdict. *See id.* We will "not weigh the evidence or substitute our judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *Id.* (alterations, internal quotation marks, and citation omitted).

**{4}** In this case, evidence was presented that Defendant, while inside a gas station, was intoxicated, yelling profanity to the public, and refused to leave. [BIC 2] A police officer escorted Defendant to the officer's patrol car. [BIC 2] Defendant was uncooperative and noncompliant; and when the officer asked Defendant his name numerous times, he responded each time with, "Fuck you." [BIC 2] After transporting Defendant elsewhere to identify him, the officer placed Defendant, who was handcuffed, back in the patrol car. [BIC 3] As the officer reached around in front of Defendant to fasten the seatbelt, Defendant spit at the officer; some of the spit went over the officer's head and some of it landed on the officer's sleeve. [BIC 3] The officer was wearing a mask pursuant to COVID protocols; Defendant was not wearing a mask. [BIC 3]

**{5}** Defendant's sufficiency claim is premised on his interpretation of "meaningful challenge to authority," which Defendant asserts "requires actual interference with the officer's ability to carry out his or her duty." [BIC 9] Our law does not require such a showing. Rather, this Court has specifically, and repeatedly, refused to "define the legal boundaries of a 'meaningful challenge' to authority." *State v. Jones*, 2000-NMCA-047, ¶ 14, 129 N.M. 165, 3 P.3d 142; *see also State v. Martinez*, 2002-NMCA-036, ¶ 38, 131 N.M. 746, 42 P.3d 851 (reiterating that "it is up to the jury to decide whether the act of spitting also constituted a meaningful challenge to authority"). We have explained that determining whether an act is a "meaningful challenge to authority" requires "knowledge of the context in which the battery arose," and that "this question is best left to juries to decide using their collective common sense and wisdom as a guide." *Jones*, 2000-NMCA-047, ¶ 14.

**{6}** Based on the evidence presented, including that Defendant refused to comply with officer instructions, he repeatedly responded to the officer's requests for identification with profanity, and he spit on an officer who was wearing a mask pursuant to COVID protocols, we conclude that a jury could rationally determine Defendant's actions caused a meaningful challenge to the officer's authority. [BIC 4; RP 131] *See* UJI 14-2211 NMRA; *see also Jones*, 2000-NMCA-047, ¶¶ 15, 20 (holding that "a reasonable jury could find

that spitting . . . upon a peace officer comes within the purview of battery upon a peace officer"). In light of this conclusion, we do not consider whether the State presented sufficient evidence to uphold Defendant's conviction under the theory of an actual threat to the officer's safety. *See State v. Olguin*, 1995-NMSC-077, ¶ 2, 120 N.M. 740, 906 P.2d 731 (holding that due process does not require a general guilty verdict to be set aside if one basis of conviction is supported by sufficient evidence).

**{7}** Turning to Defendant's unpreserved claim of instructional error, he contends that the jury should have been instructed that a "meaningful challenge to authority" required "a finding that the officer's actual ability to act or carry out his duties was impaired or undermined" or, at the very least, that a mere affront to the officer's personal dignity is insufficient. [BIC 12] "When the element of unlawfulness is in dispute and the facts of the case are open to interpretation, the trial court must indulge a request for an instruction that the charged conduct rise to the level of an actual injury, actual threat to safety, or meaningful challenge to authority before a jury can convict of a felony." *Jones*, 2000-NMCA-047, ¶ 12 (internal quotation marks and citation omitted). This direction is encompassed by UJI 14-2211, which was given in this case, and the jury was instructed, in relevant part, that Defendant's conduct must have "caused a meaningful challenge to the authority of [the officer]." [RP 131] We presume uniform jury instructions are "correct statements of law." *State v. Wilson*, 1994-NMSC-009, ¶ 5, 116 N.M. 793, 867 P.2d 1175. It is further well established that "definitional instructions are not required when the terms are used in their ordinary sense and no error is committed in refusing to instruct on a term or word with a common meaning." *State v. Gonzales*, 1991-NMSC-075, ¶ 30, 112 N.M. 544, 817 P.2d 1186. As explained, this Court has expressly left the meaning of the term "meaningful challenge to authority" to the jury's "collective common sense." *Jones*, 2000-NMCA-047, ¶ 14.

**{8}** In this case—consistent with binding precedent—the jury instructions included the essential elements of battery upon a peace officer and the "boundaries" of a "meaningful challenge to authority" were properly left for the jury to decide. *See id.* ¶¶ 12, 14; *see also Martinez*, 2002-NMCA-036, ¶ 38. Defendant has not asked us to overrule *Jones* or *Martinez*, much less developed an argument that would allow us to reconsider the soundness of those precedents. *See generally State v. Montoya*, 2013-NMSC-020, ¶¶ 40-41, 306 P.3d 426 (describing factors courts consider when deciding whether to overrule their precedents and recognizing need for principled reconsideration of the precedential soundness of an opinion). Absent such an argument, we decline to reconsider *Jones* and *Martinez*. Because Defendant has failed to persuade us that there was error in the jury instructions under current New Mexico law, our fundamental error inquiry ends. *See State v. Ocon*, 2021-NMCA-032, ¶ 7, 493 P.3d 448 (internal quotation marks and citation omitted), *cert. denied* (S-1-SC-38810, June 30, 2021).

**{9}** Based on the foregoing, we affirm Defendant's conviction for battery upon a peace officer.

**{10} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**