This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38937**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANDREA REED,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Following a jury trial, Defendant Andrea Reed was convicted of battery upon a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971); resisting, evading, or obstructing an officer, contrary to NMSA 1978, Section 30-22-1 (1981); and driving while her license was suspended, contrary to NMSA 1978, Section 66-5-39 (2013, amended 2019). Defendant raises four issues on appeal: (1) the district court erred in not proffering her requested jury instruction for self-defense; (2) the district court committed fundamental error by not instructing the jury that "a meaningful challenge to

authority required more than a mere affront to an officer's personal dignity for battery"; (3) the State failed to present sufficient evidence to support Defendant's conviction of battery upon a peace officer; and (4) she received ineffective assistance of counsel. We affirm.

{2}     Because this is a memorandum opinion and the parties are familiar with the facts and procedural history, we discuss the facts only as they become necessary to our analysis.

## DISCUSSION

### I.     Self-Defense Instruction

{3}     Defendant contends that she was entitled to an instruction on self-defense and that the district court committed reversible error by denying her request because "by removing the question of self-defense from [the] jury['s] consideration, she was deprived of the only defense she had." We disagree and explain.

{4}     "The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. Our inquiry centers on "whether a reasonable juror would have been confused or misdirected by the jury instruction[s]." *State v. Sandoval*, 2011-NMSC-022, ¶ 13, 150 N.M. 224, 258 P.3d 1016 (internal quotation marks and citation omitted). We review preserved issues related to jury instructions for reversible error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. "When evidence at trial supports the giving of an instruction on a defendant's theory of the case, the failure to so instruct is reversible error." *See State v. Jones*, 2020-NMCA-029, ¶ 8, 464 P.3d 1079 (quoting *State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69).

{5}     "In New Mexico, a person has a limited right of self-defense against a police officer using excessive force." *Id.* ¶ 7. "This right to assert self-defense against a police officer is qualified 'because police officers have a duty to make arrests and a right to use reasonable force when necessary.'" *State v. Lymon*, 2021-NMSC-021, ¶ 30, 488 P.3d 610 (quoting *State v. Ellis*, 2008-NMSC-032, ¶ 15, 144 N.M. 253, 186 P.3d 245). A defendant is not entitled to a self-defense instruction "when the officer is using necessary force to effect an arrest." *State v. Kraul*, 1977-NMCA-032, ¶ 29, 90 N.M. 314, 563 P.2d 108. The right to have the jury instructed on self-defense in a battery upon a peace officer case exists "only when the officer is using excessive force." *Ellis*, 2008-NMSC-032, ¶ 16. A defendant is entitled to a self-defense instruction "whenever they present evidence sufficient to allow reasonable minds to differ as to all elements of the defense." *Lymon*, 2021-NMSC-021, ¶ 31 (alteration, internal quotation marks, and citation omitted). For a self-defense instruction to be given, "a defendant must present evidence of fear by an apparent danger of immediate death or great bodily harm, that the [defendant's act] resulted from that fear, and that the defendant acted as a reasonable person would act under those circumstances." *Id.* (internal quotation marks

and citation omitted). "If a defendant presents any evidence, even slight, to support a jury instruction, he [or she] is entitled to the instruction." *Jones*, 2020-NMCA-029, ¶ 8; *see also Ellis*, 2008-NMSC-032, ¶¶ 15-16 ("An instruction on self-defense is required in a resisting arrest (or battery) case when the defendant has presented some evidence of excessive force on the part of the arresting officer." (alteration, internal quotation marks, and citation omitted)). However, "[i]f . . . the [district] court concludes that reasonable minds could not find that the officer used excessive force, the matter ends there, and the [district] court should not instruct the jury on the elements of self-defense." *Ellis*, 2008-NMSC-032, ¶ 17.

**{6}** Defendant argues that she was entitled to a self-defense instruction because "reasonable minds could differ about whether Officer Kesterson's use of force was excessive." Defendant further argues that the district court's decision to deny her request for such an instruction was done in error because its finding that the facts in *Ellis* were "dramatically similar" to the facts of Defendant's case was incorrect. Defendant contends that, unlike the *Ellis* defendant, she did not verbally or physically threaten the officers. Rather, Defendant argues it was Officer Kesterson who escalated the situation by "aggressively approach[ing Defendant], yelling three times to 'get back in the car' without giving her time to comply." Defendant asserts that Officer Kesterson's actions constitute an excessive use of force because while he was handcuffing her, he put his hands on Defendant and leaned his groin between her legs.

**{7}** Based on our review of the record, the evidence that Defendant points to does not allow reasonable minds to differ as to whether Officer Kesterson used excessive force. *See id.* Defendant was instructed by Sergeant Ledford to stay in her vehicle. Despite Sergeant Ledford's instructions, Defendant exited her vehicle and did not heed Officer Kesterson's repeated directions to get back into the vehicle. After failing to follow both officers' instructions, Officer Kesterson placed Defendant in handcuffs. Defendant presented no evidence indicating that Officer Kesterson's use of force by placing her in handcuffs was excessive under the circumstances. *See Kraul*, 1977-NMCA-032, ¶ 29. Further, the only evidence of force beyond Defendant being placed in handcuffs originated from Defendant herself. While being detained, Defendant pulled away from Officer Kesterson, kicked his knee and waist area, and grabbed his duty vest. Officer Kesterson was unable to restrain Defendant's hands without using the weight of his body to control Defendant because she was resisting by continually turning away from him and moving her arms. Given the evidence presented at trial, reasonable minds could not find that Officer Kesterson used excessive force, as viewed from a reasonable officer's perspective. *See Ellis*, 2008-NMSC-032, ¶ 17. We thus conclude that the district court properly refused the self-defense instruction.

## II. Meaningful Challenge to Authority Instruction

**{8}** The jury was instructed that a conviction of battery upon a peace officer required a finding that Defendant caused "a meaningful challenge to the authority of Officer Kesterson." Defendant contends that the jury should have further been instructed that a "meaningful challenge to authority required more than a mere affront to an officer's

personal dignity" to satisfy the element for battery upon a peace officer. Defendant argues that the absence of this explanatory instruction misled the jury as to the applicable law on "meaningful challenge," effectively undermining her defense.

**{9}** Defendant concedes her claim of instructional error was not preserved. Therefore, we review this matter for fundamental error. *See State v. Stevens*, 2014-NMSC-011, ¶ 42, 323 P.3d 901 ("We review an unpreserved challenge to a jury instruction for fundamental error."). Appellate courts are to exercise discretion to review an assertion of fundamental error only in rare instances and solely to prevent a miscarriage of justice where some fundamental right has been invaded. *See State v. Reyes*, 2002-NMSC-024, ¶¶ 41-42, 132 N.M. 576, 52 P.3d 948, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, ¶ 36, 267 P.3d 806; *State v. Cunningham*, 2000-NMSC-009, ¶ 12, 128 N.M. 711, 998 P.2d 176. To rise to the level of fundamental error, the error must go "to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *Cunningham*, 2000-NMSC-009, ¶ 13 (internal quotation marks and citation omitted).

**{10}** Even if it was fundamental, we find no error in the absence of an instruction defining "meaningful challenge to authority." *See State v. Ocon*, 2021-NMCA-032, ¶ 7, 493 P.3d 448 (noting that the first step of the fundamental error analysis is to determine whether an error occurred), *cert. denied* (S-1-SC-38810). Our Supreme Court has stated that, "[g]enerally, definitional instructions are not required when the terms are used in their ordinary sense and no error is committed in refusing to instruct on a term or word with a common meaning." *State v. Gonzales*, 1991-NMSC-075, ¶ 30, 112 N.M. 544, 817 P.2d 1186. This Court has expressly left the meaning of the term "meaningful challenge to authority" to the jury's "collective common sense." *State v. Jones*, 2000-NMCA-047, ¶ 14, 129 N.M. 165, 3 P.3d 142. Therefore, we conclude the lack of an explanatory instruction of "meaningful challenge to authority" was not erroneous, let alone fundamentally so.

## III.    Sufficiency of the Evidence

**{11}** Defendant also argues on appeal that her behavior "did not rise to the level of a meaningful challenge to authority," and consequently, there was insufficient evidence to support her conviction of battery upon a peace officer.

**{12}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Fuentes*, 2010-NMCA-027, ¶ 13, 147 N.M. 761, 228 P.3d 1181 (internal quotation marks and citation omitted). It is our task to "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."

*Cunningham*, 2000-NMSC-009, ¶ 26. "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Garcia*, 2016-NMSC-034, ¶ 17, 384 P.3d 1076 (alteration, internal quotation marks, and citation omitted).

**{13}** At trial, the jury was instructed as follows:

> For you to find [D]efendant guilty of a battery upon a peace officer as charged in Count 1, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. [D]efendant intentionally touched or applied force to Officer Kesterson by pushing Officer Kesterson with her foot and/or grabbing his vest and/or kicking him in the knee and waist areas several times;
>
> 2. At the time, Officer Kesterson was a peace officer and was performing the duties of a peace officer;
>
> 3. [D]efendant knew Officer Kesterson was a peace officer;
>
> 4. [D]efendant's conduct caused an actual injury to Officer Kesterson or a meaningful challenge to the authority of Officer Kesterson;
>
> 5. [D]efendant acted in a rude, insolent, or angry manner;
>
> 6. This happened in New Mexico on or about the 18th day of October, 2018.

Defendant challenges only the evidence supporting the fourth element of the jury instruction. As discussed above, this Court has refused to "define the legal boundaries of a 'meaningful challenge' to authority." *Jones*, 2000-NMCA-047, ¶ 14; *see also State v. Martinez*, 2002-NMCA-036, ¶ 38, 131 N.M. 746, 42 P.3d 851 (reiterating that this Court has "specifically declined to define what types of behavior will be sufficient to constitute a meaningful challenge to authority and what will not"). "[W]hether or not a defendant's conduct constituted a meaningful challenge . . . depend[s] on the context in which the battery occurred." *Id.*

**{14}** At trial, the State presented evidence that Defendant repeatedly refused to comply with the officers' instructions, resisted and pulled away from Officer Kesterson while he was attempting to detain her, kicked Officer Kesterson's knee and waist areas while being detained, and finally, Defendant grabbed onto Officer Kesterson's duty vest and would not let go. Viewing this evidence in the light most favorable to the guilty verdict, we conclude that a jury could rationally determine Defendant's actions caused a meaningful challenge to Officer Kesterson's authority. *See* UJI 14-2211 NMRA; *see also Martinez*, 2002-NMCA-036, ¶ 40 (concluding that, "[g]iven this evidence regarding the context in which the battery arose, it was appropriate for the [district] court to submit to

the jury the question of whether [the d]efendant's conduct presented a meaningful challenge to the officer's authority, and there was sufficient evidence for the jury to decide that it did"). As a result of this conclusion, we do not consider whether the State presented sufficient evidence to uphold Defendant's conviction under the theory of causing an actual injury to the officer. *See State v. Olguin*, 1995-NMSC-077, ¶ 2, 120 N.M. 740, 906 P.2d 731 (holding that due process does not require a general guilty verdict to be set aside if one basis of conviction is supported by sufficient evidence). Therefore, there was sufficient evidence to convict Defendant of battery upon a peace officer.

## IV.     Ineffective Assistance of Counsel

**{15}**     Defendant's final argument is that she received ineffective assistance from her trial counsel. Criminal defendants possess a constitutional right to "reasonably effective assistance of counsel." *State v. Tafoya*, 2012-NMSC-030, ¶ 59, 285 P.3d 604 (internal quotation marks and citation omitted); *see* U.S. Const. amend. VI; N.M. Const. art. II, § 14. "We review claims of ineffective assistance of counsel de novo." *State v. Dylan J.*, 2009-NMCA-027, ¶ 33, 145 N.M. 719, 204 P.3d 44. Claims of ineffective assistance of counsel are assessed using the test articulated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Dylan J.*, 2009-NMCA-027, ¶ 36. To make a prima facie case of ineffective assistance of counsel under this test, Defendant bears the burden of proving "attorney error and prejudice." *State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068. For a claim of ineffective assistance of counsel raised on direct appeal, "we evaluate the facts that are part of the record." *Id.* (internal quotation marks and citation omitted). The record on direct appeal here does not support a prima facie case of ineffective assistance of counsel.

**{16}**     Defendant argues that trial counsel misunderstood the law of self-defense against a police officer, which resulted in Defendant testifying when she did not need to. Specifically, Defendant contends that trial counsel did not understand that whether the self-defense instruction would be given depended on whether the district court made a finding the officer used excessive or reasonable force. As a result, Defendant maintains that her testimony was not necessary and exposed her to cross-examination and potentially incriminating testimony in the absence of a self-defense instruction. *See generally Ellis*, 2008-NMSC-032, ¶¶ 15-17. However, Defendant fails to establish that even if trial counsel had understood the requirements of *Ellis*, the result of the proceeding would have been different or Defendant would not have testified. We explain.

**{17}**     Defendant focuses on her testimony that she was trying to push Officer Kesterson out from her legs and argues that this testimony was tantamount to a confession. Nothing appears in the record to substantiate Defendant's speculation that this admission had an impact on the outcome at trial. As discussed above, the State presented testimonial and video evidence that Defendant pulled away from, kicked, and grabbed Officer Kesterson's duty vest while she was being detained. Based on our review of the existing record, we remain unpersuaded that there is a reasonable

probability that, but for any misunderstanding by trial counsel of the law of self-defense against a police officer and Defendant's decision to testify, the result of her trial would be different. *See State v. Cordova*, 2014-NMCA-081, ¶ 9, 331 P.3d 980 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (internal quotation marks and citation omitted)). Defendant's argument further assumes that the only reason she testified was to establish self-defense, but her testimony also challenged the intent element of the battery upon a peace officer charge, which could be attributed to a trial strategy. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)). As a result, Defendant has failed to establish a prima facie case that any error caused prejudice.

**{18}** Because we determine that Defendant has failed to establish a prima facie case, a collateral proceeding is the appropriate manner of pursuing Defendant's claim for ineffective assistance of counsel. *See State v. Bernal*, 2006-NMSC-050, ¶ 36, 140 N.M. 644, 146 P.3d 289 (concluding that although the defendant did not present a prima facie case of ineffective assistance of counsel on direct appeal, the decision did not preclude the defendant from pursuing habeas relief).

**CONCLUSION**

**{19}** For these reasons, we affirm Defendant's convictions.

**{20}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**